STATE OF MAINE
KENNEBEC, ss

DR. JAN KIPPAX

        Petitioner

v.

BOARD OF DENTAL
PRACTICE

        Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-19

**ORDER ON PETITIONER'S
PETITION FOR REVIEW OF
AGENCY ACTION**

Before the Court is petitioner Jan Kippax's petition for review of the Board of Dental

Practice's (the Board's) decision to pursue license suspension or revocation proceedings in the

District Court. For the following reasons, petitioner's petition for review is dismissed.

Facts

Petitioner Jan Kippax D.M.D., was the respondent to 18 complaints filed with the Maine

Board of Dental Practice (the Board) by former patients. On February 15, 2017, the Board, acting

pursuant to 32 M.R.S. § 18325[1] and 5 M.R.S. § 10004(3)[2], issued an immediate suspension of

petitioner's license to practice dentistry.[3] Pursuant to Section 10004(3), the license suspension

expired after 30 days.

On August 30, 2017, the Board scheduled hearings for 5 of the 18 complaints. After holding

6 hearings over the course of 4 months, the Board dismissed the 5 complaints on December 29,

---

[1] Section 18325(1) states: "[t]he board may suspend, revoke, refuse to issue or renew a license pursuant to Title 5, section 10004."

[2] Section 10004(3) states: "an agency may revoke, suspend or refuse to renew any license without proceedings in conformity with subchapters IV or VI, when: . . . (3) [t]he health or physical safety of a person . . . is in immediate jeopardy at the time of the agency's action, and acting in accordance with subchapter IV or VI would fail to adequately respond to a known risk . . . ."

[3] Petitioner has appealed the decision to impose the immediate suspension in docket AP-17-11. That proceeding has been stayed.

1

2017. On March 9, 2018, the Board voted to file a complaint in the Maine District Court addressing the 13 remaining patient complaints.[*] On April 5, 2018, petitioner filed a Rule 80C complaint seeking judicial review of the Board's decision to file a complaint in the District Court.

## Standard of Review

The Court reviews the Board's decision for an abuse of discretion, error of law, or findings not supported by the evidence. *Uliano v. Bd. of Envtl. Prot.*, 2009 ME 89, ¶ 12, 977 A.2d 400 (citation omitted). The court may not weigh the merits of the evidence presented to the administrative body but instead must determine whether there is competent evidence in the record which supports the administrative decision. *Concerned Citizens to Save Roxbury v. Bd. of Envtl. Prot.*, 2011 ME 39, ¶ 24, 15 A.3d 1263. The party seeking to vacate an agency decision bears the burden of persuasion. *Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676.

## Discussion

Petitioner argues that the Board lacked a sufficient basis to refer the remaining complaints to the District Court. Specifically, Petitioner argues that (1) the Board failed to make any findings regarding whether suspension or revocation of petitioner's license was warranted; and (2) any reliance by the board on the immediate suspension to form a basis for filing in the District Court was erroneous and tainted by bias.

Respondent argues that this court has no jurisdiction to hear the appeal because: (1) the Board's decision to file a complaint in the District Court is not final agency action; and (2) petitioner is not "aggrieved" by the decision to file a complaint in the District Court.

---

[*] At oral argument both parties indicated that no complaint has yet been filed in the District Court. However, the Board informed the court that a complaint would likely be filed in November.

2

Has Petitioner Been Aggrieved by Final Agency Action

The Administrative Procedure Act provides that "any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court . . . ." "Final Agency Action" is defined as "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." 5 M.R.S. § 8002(4). In order to be final, the administrative action must leave "no questions for the future consideration and judgment of the court or administrative agency. *Carrol v. Town of Rockport*, 2003 ME 135, ¶ 16, 837 A.2d 148.

In this case, the Board's determination to file a complaint is not final agency action. The decision to file a complaint is not dispositive of any legal or factual issues. Instead, it is a discretionary decision that the legislature has authorized the Board to make. *See* 32 M.R.S. § 18325(1-A); *see also Carey v. Me. Bd. of Overseers of the Bar*, No. CV-17-17, 2017 Me. Super. LEXIS 269, at *33 (Oct. 25, 2017) (stating that the Board of Bar Overseers decision to pursue a grievance complaint before the grievance commission is discretionary). By filing a complaint, the Board chose to avail itself of a procedural mechanism through which it could hail petitioner into court in order to obtain a dispositive judgment. In the context of administrative proceedings, the Law Court has held that procedural decisions made by administrative bodies do not constitute "final agency action." *See Me. Health Care Ass'n Workers' Comp. Fund v. Superintendent of Ins.*, 2009 ME 5, ¶¶ 6-7, 962 A.2d 968 (hearing officer's order compelling a response to a discovery request was not "final agency action"); *see also City of Oakland v. Lynch*, 798 F.3d 1159, 1166 (9th Cir. 2015) (the Government's decision to initiate a civil forfeiture action is not judicially reviewable final agency action); *McLaughlin v. Lodge 647, International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers, AFL-CIO*, 876 F.2d 648,

3

653 (8th Cir. 1989) (The decision to file a lawsuit is not a "final agency action"). Accordingly, because the decision to file the complaints leaves open legal and factual issues for the District Court to consider, the decision does not constitute final agency action.

Further, petitioner's argument that review of the Board's decision to file a complaint is necessary to protect his due process rights is without merit. By choosing to proceed in the District Court, the Board will be required to file a complaint containing "a conclusion indicating the violation of a statute or rule." 4 M.R.S. § 184. Consequently, the complaint will set forth the basis of the Board's conclusion that a license suspension or revocation is warranted. Additionally, petitioner will be afforded the opportunity to have a hearing, examine witnesses, and present evidence. *Id.*[5] Accordingly, petitioner's due process rights will be adequately protected by his right to trial in the District Court.

The entry is:

> Petitioner's Petition for Review of the Board's Decision to File Complaints in the District Court is DISMISSED.

Date: _____10/16/18_____

M. Michaela Murphy
**Justice, Superior Court**

Entered on the docket October 17, 2018

---

[5] Contrary to petitioner's argument, the parties will also retain the ability to resolve their licensing dispute by agreement or consent decree. M.R. Civ. P. 80G(e).

4